[No. 10516.  Department Two.  April 28, 1913.]

JAMES HERTZOG *et al.*, *Respondents*, v. STAR LOGGING COMPANY, *Appellant.*[1]

APPEAL—PRESERVATION OF GROUNDS—OBJECTIONS TO EVIDENCE. Error cannot be assigned upon refusing to strike an answer as not responsive to the question, where the only objection made was a motion to strike the answer without assignment of any reason, the answer being competent evidence.

WITNESSES—COMPETENCY — VALUES—MARKET VALUE. A witness, testifying as to the value of his own timber, may state what it was selling for in the market at the time in question, although he admitted lack of definite knowledge as to the market value of timber.

TRESPASS—DAMAGES—EVIDENCE—SUFFICIENCY. There is sufficient evidence of the value of timber cut to sustain a verdict for $145, where plaintiff's evidence that the amount cut at the market value exceeded that sum and that it was worth at least $145 was not contradicted.

SAME. A verdict for $30 damages to land by the cutting of timber is sustained by evidence that it would cost $75 to $100 to remove the brush and debris left upon the land by defendant.

APPEAL—REVIEW—VERDICT. A verdict sustained by competent evidence will not be disturbed because of conflicting testimony.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered December 16, 1911, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for trespass. Affirmed.

*Hulbert & Husted,* for appellant.

*Robert McMurchie,* for respondents.

ELLIS, J.—The plaintiffs brought this action against the defendant, Star Logging Company, to recover damages on three causes of action, as follows: (1) For the cutting and removal of timber from certain lands belonging to the plaintiffs of the alleged value of $145. (2) For destroying young growing timber upon the plaintiffs' land of the value of $100.

[1]Reported in 131 Pac. 806.

(3) For expenses in the sum of $90 incurred by the plaintiffs in the removal of brush alleged to have been left on the land by the defendant. The defendant denied the allegations of the complaint, and set up as a counterclaim an alleged agreement between the plaintiffs and the defendant that, in consideration of the defendant surveying the line between the lands of the parties, the defendant should have the right to take any timber that remained standing upon the plaintiffs' land; that the plaintiffs refused to allow the defendant to remove the timber, by reason whereof the defendant was damaged in the sum of $20, the cost of the survey, $12, the cost of cutting the timber, and $27, loss of profits on the timber. The affirmative matter was traversed by the reply. The jury found for the plaintiffs on the first cause of action in the sum of $145, and on the third cause of action in the sum of $30, but found for the defendant on the second cause of action. The defendant has appealed.

The several assignments of error are all directed to the admissibility and sufficiency of the evidence. It is contended first, that the court committed error in refusing to strike the answer of the respondent James Hertzog to the following question: "Do you know what timber of that quality was selling for in the market at that time? You can say whether you know or not." Answer: "Yes, sir; it was selling for $3 a thousand." It is argued that this answer should have been stricken as not responsive to the question. The objection, however, was not placed upon that ground. The motion to strike was in general terms: "I move that the answer be stricken." The answer, though irregularly elicited, was competent evidence. While not responsive to the question, it was not error to refuse to strike it upon an objection so general as that made.

It is further argued that the witness was not qualified to answer the question, in that he admitted a lack of definite knowledge as to the market value of timber. We think, however, that the evidence was competent as tending to show

market value, regardless of the witness' qualification to testify as to market value generally. He was testifying as to the value of his own property. In such a case the strict rule of qualification is not applied. If it was a fact that timber was selling at $3 a thousand, that tended to prove the market value of timber in that vicinity. There was no error in the refusal to strike.

It is next argued that there was not sufficient proof to sustain the verdict as to the quality or value of the timber taken. The respondent was the only witness who testified as to the quality of the timber. While he was unable to state the grade of the timber, for the reason that he had no technical knowledge of grades, he did testify that he knew good timber when he saw it, and that his timber was good. As to the value of the timber, the evidence to which we have already referred tended to establish a value of $3 a thousand. There was ample evidence to establish the fact that the timber cut amounted to something over 21,000 feet of cedar and 32,500 feet of fir. This at that price would much exceed the value found by the jury. On cross-examination, this witness was asked what was the value of the timber taken, and answered without objection that it was worth at least $145. Without regard to the other evidence, this would be sufficient to sustain the verdict. The values placed upon the timber by the respondent himself were in no manner contradicted by any other witness.

It is also contended that there was no evidence to sustain the verdict of the jury upon the third cause of action. While it is true that the respondent testified that he had not yet removed the brush and debris left upon his land by the appellant, he did testify that it would cost him $75 or $100 to remove it. The verdict on this cause was for $30, and we cannot say that it was not justified by this evidence.

The appellant also contends that it ran a line between its land and that of the respondents, under an agreement that, in consideration of the survey, it would be permitted to take

the timber from the respondents' land. This agreement was denied by the respondents, and on such a conflict of testimony we cannot interfere with the verdict of the jury, which evidently found that no such contract was ever made. There being competent evidence to support the verdict on both the first and third causes of action, we cannot, without invading the province of the jury, disturb the verdict.

The judgment is affirmed.

MOUNT, MAIN, MORRIS, and FULLERTON, JJ., concur.